Joseph B. Harris *v.* C. A. Tindall, Individually & d/b/a C. A. Tindall & Company.

(*Nashville*, December Term, 1954.)

Opinion filed March 11, 1955.

Erich W. Merrill, of Memphis, and Roane Waring, Jr., of Memphis, of counsel, for plaintiff in error.

W. C. Rodgers, of Memphis, for defendant in error.

MR. JUSTICE BURNETT delivered the opinion of the Court.

The plaintiff sued Tindall for damages for personal injuries alleged to have been caused the plaintiff as a direct and proximate result of the defendant's wilful, unlawful, and criminal act in exacting and collecting usury from the plaintiff.

The declaration among other things alleges that in May of 1951 the defendant made a loan to the plaintiff in the amount of $1,500 and required the plaintiff to sign notes for $2,100. It also is alleged that the plaintiff is a person of very limited education; that he was informed and made to believe that this note signed for this extra $600 was made to cover expenses, and interest on the loan and that all that he would have to repay was the $2,100. It is further alleged that thereafter he learned that the notes which made up the $2,100 also bore six per cent interest and that thus he was being charged usury in the sum of $653.93.

The plaintiff also alleges that he protested to the defendant that this was an excessive rate of interest and plaintiff further says that he offered to pay the defendant a lawful rate of interest and the lawful amount of money that he had borrowed back but that the defendant

would not accept this. It is alleged that the defendant wrongfully and unlawfully forced the plaintiff to pay this entire sum back which included usury in the sum of $653.-93.

The declaration also avers as the gravamen of the damages sought that as a direct and proximate result of the defendant's wrongful, malicious, and criminal collection of usury from the plaintiff, plaintiff was severely upset mentally, emotionally, and physically. That such mental, emotional, and physical disturbances aggravated the plaintiff's ulcerated stomach condition; seriously and permanently impaired the plaintiff's general health; caused the plaintiff to suffer great mental and physical pain and suffering; and that as a direct and proximate result of the defendant's wrongful, wilful, malicious and criminal act, the plaintiff is not able to carry on any gainful occupation. The wrongful, criminal act and the basis of the suit is Code Sections 11131 and 11132 of the 1932 Code, which made the collection of usury a misdemeanor.

The declaration also alleges that the plaintiff had sued the defendant in another cause of action to collect this usury, under Code Section 7315, and that as a result of this other lawsuit he had recovered a judgment against the defendant for the amount of this usury claimed of $653.93, and that this judgment had been paid.

To this declaration the defendant filed a demurrer: (1) that the declaration does not state a cause of action; (2) that there can be no recovery for physical injuries and mental and physical pain and suffering resulting solely from mental and emotional disturbances; and (3) that this suit is barred by the prior suit last above mentioned in which the plaintiff recovered the amount of usury paid as authorized by Section 7315 of the Code. The trial judge sustained the demurrer in toto apparently

without comment. The case has been ably briefed and argued and we now have the matter for disposition.

The Legislature more than one hundred years ago, realizing that the usurer was such an oppressor of the debtor that they made a victim out of him, passed acts whereby this oppressed debtor could sue the usurer for recovery of the usury. The suit at law to recover this is carried in Williams' Code under Code Section 7315 while the corresponding section giving the Chancery Court jurisdiction of the matter is carried in the Code under Williams' Code, Section 10378. The suit is in the nature of an action for money had and received and will lie under either section for a recovery back of the usurious payments. See *Spicer* v. *Jarrett,* 61 Tenn. 454, 456. The first suit that was filed by Harris herein against the defendant as is alleged in this present declaration was at law under Code Section 7315. Out of this suit he recovered back the usurious payments. The present suit is a tort action brought to recover for personal injuries caused to the plaintiff as a result of the usurer's wrongful and unlawful acts. Of course it is the contention of the plaintiff that these two suits involve "completely different and distinct causes of action, although they do both arise out of the same transaction."

Down to the allegations in the declaration where the damages claimed are averred these two causes of action or suits are almost identical under the facts. Both causes of action aver the usurious acts and both aver that these acts were caused from the same loan; they both aver the amount of the usury. In the first action, that is for money had and received, it is averred that pursuant to the statute, Code Section 7315, the plaintiff was entitled to recover that sum as usury. In the instant cause of action

all of these things are averred down to the paragraph when it is alleged that the plaintiff received these personal injuries by reason of the tortious act of the defendant in demanding these usurious payments.

It seems to us that the facts in the two are so intimately related that the injured party should only have one recovery. It seems to us that if a given state of facts entitles one to recover damages upon the theory that the right to recover rests in tort, and the same state of facts entitles one to recover upon the theory that the right of recovery rests in contract, it would seem that recovery should be limited to one recovery and that one should not be entitled to recover twice because the facts clearly support both theories. As a matter of fact recovery in each instance must be considered as resting upon the same alleged wrong.

In this case we have the identical parties to both actions. We have the identical facts in each action. Long ago we were taught what seemed a sound principle, that was, that on the same facts the plaintiff has an election of remedies, and may sue either in tort or contract.

The Supreme Court of Massachusetts in *Norton* v. *Doherty,* 3 Gray, 372, 63 Am. Dec. 758, speaking through Chief Justice Shaw held that where one had a right of action either in contract or tort in the sale of a horse, that a judgment in the one was a bar to a suit in the other. Among other things Chief Justice Shaw said:

"But it is quite clear that in the same case the plaintiff, if he had thought fit, might have brought his action of contract on the warranty, and recovered. Indeed, all the cases, now very numerous, which decide that the plaintiff may waive the tort and declare in assumpsit, are precedents to show that a plaintiff has

an election of remedies. But it follows, as a necessary legal consequence, that when a plaintiff elects one, and pursues it to judgment, such judgment is conclusive, and is a bar to another action.''

■ We think that where a given state of facts entitles one to either of two causes of action, that is, on tort or breach of contract that a suit on the one to judgment is a bar to the other. This plaintiff was successful and recovered against this defendant in a suit that grew out of the identical state of facts on which the present lawsuit is based. He is barred here by reason of the recovery in the former lawsuit. We conclude that the appellant has had his day in court upon all of the issues here presented and that the judgment rendered in the former action is res adjudicata of all his rights in the premises. For this reason the judgment of the trial court must be affirmed with costs.

SWEPSTON, Justice.

I concur in Judge BURNETT's opinion in this case for the reasons stated therein and as well for the following reasons.

The extraction of usury is a violation of the law both criminal and civil. In the civil aspect it is a tort against the victim of usury. By its very nature it is a tort by which the usurer enriches his own estate at the expense of the victim. That being true, the common law gives the victim the right to waive the tort and sue in assumpsit. 1 C. J. S., Actions, Sec. 50b(1), p. 1130. This common law right of action in the nature of assumpsit for money had and received is enacted into statute by our Code Sec. 7315, which allows the victim to recover the amount of the usury by suit. *Spicer* v. *Jarrett*, 61 Tenn. 454, which case is cited in the original opinion.

The victim in this case first brought his action under our statute and obtained a judgment for the amount of the usury. That was a waiver of the tort and instead thereof an action in assumpsit for the money had and received.

He now seeks by this action to recover in a tort action for personal injuries to his health. Such action in tort will not lie because he has waived the tort action and brought suit in assumpsit which is based upon a contract implied by law under circumstances whereby the estate of one person is unjustly enriched as a result of his wrongful act against another person.

The victim's cause of action was primarily an action in tort in which he could have recovered in one action all the damages suffered, but since he has waived the tort and brought his action in assumpsit on implied contract he has made an election of remedies and will be allowed to recover under such circumstances only to the extent that his estate has been diminished and the estate of usury has been increased by the wrongful act of the usurer.

Stated differently, the law provided him the right to sue either in tort or in contract but not both, and since he has elected to sue in contract his action in tort is barred.