IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
August 6, 2009 Session

## STATE AUTOMOBILE INSURANCE COMPANY v. JONES STONE COMPANY, INC.

Appeal from the Chancery Court for Davidson County
No. 04-1925-III     Ellen Hobbs Lyle, Chancellor

No. M2009-00049-COA-R3-CV - Filed December 15, 2009

Insurer filed an action seeking a declaratory judgment that it was not required to provide coverage to insured in lawsuit filed against insured; insured filed a counter-complaint against insurer. At the close of all proof, the trial court directed a verdict in favor of insured on insurer's declaratory judgment action and directed a verdict in favor of insurer on insured's counterclaims of misrepresentation, bad faith, estoppel, and punitive damages. Insured's two remaining counterclaims were submitted to the jury, which returned a verdict in favor of insured for Tennessee Consumer Protection Act ("TCPA") and breach of contract claims. Trial court subsequently awarded insured double damages and attorney's fees under the TCPA. On appeal, both parties raise numerous issues with the judgment of the trial court, some of which are without merit or as to which no relief can be granted; such issues are dismissed. We reverse the award of double damages, vacate the award of counsel fees to the insured and remand for further consideration. In all other respects the judgment is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Reversed in Part, Vacated in Part, and Case Remanded**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which PATRICIA J. COTTRELL, P. J., M. S., and FRANK G. CLEMENT, JR., J., joined.

Mark A. Baugh and Yanika C. Smith-Bartley, Nashville, Tennessee, and Larry C. Deener, Lexington, Kentucky, *pro hac vice*, for the appellant, State Automobile Insurance Company.

W. David Bridgers and Elizabeth S. Tipping, Nashville, Tennessee, for the appellee, Jones Stone Company, Inc.

**OPINION**

## I. Factual and Procedural History

In February 1999, Roy and Ann Wauford solicited a proposal from Jones Stone Company ("Jones Stone") to furnish and set Indiana limestone for three porches and steps at a home they were building in Lebanon, Tennessee. The Waufords accepted Jones Stone's proposal and Jones Stone laid part of the limestone in September 1999 and the rest in the spring of 2000, after which the Waufords paid Jones Stone $53,251.19 for the limestone and installation. In the fall of 2000, the Waufords hired another company to clean the porches and steps through pressure washing; after cleaning, brown stains and effervescence appeared on the limestone. The Waufords discussed the stains with Jones Stone, who suggested that the limestone be cleaned a second time; a second cleaning did not resolve the staining.

On November 7, 2000, the Waufords sent a letter to Jones Stone seeking damages for negligent installation of the limestone. Over the next year, the Waufords and Jones Stone attempted to resolve the matter but were unsuccessful. On March 8, 2002, the Waufords filed suit against Jones Stone alleging breach of contract, negligent installation, and violations of the Tennessee Consumer Protection Act ("TCPA").[1]

On March 20, 2002, Jones Stone forwarded the Waufords' complaint to their insurance agent, who notified Meridian Insurance, now State Automobile Insurance Co. ("State Auto"). On March 25, Jones Stone received a document from State Auto acknowledging receipt of the complaint. On June 28, State Auto sent a Reservation of Rights letter to Jones Stone, stating that it would defend the underlying suit but that it reserved its right under the policy to deny coverage based on concerns that the claims alleged by the Waufords were outside the scope of coverage under the policy.

On June 28, 2004, State Auto filed the instant action, seeking a declaratory judgment that the Waufords' claims against Jones Stone were not covered by the insurance policy or that they fell under an exclusion to coverage; State Auto filed an amended complaint adding an allegation that Jones Stone failed to provide timely notice of the claim, in violation of the insurance policy.[2] On September 3, Jones Stone filed an answer and a counter-complaint, which it amended twice; the counter-complaint, as amended, alleged violations of the TCPA, bad faith, coverage by waiver and estoppel, breach of contract, and misrepresentation. Jones Stone also sought either punitive damages on the tort claims or, in the alternative, treble damages under the TCPA.

---

[1] Tenn. Code Ann. § 47-18-101, *et. seq.*

[2] The disposition of State Auto's notice claim at trial is not apparent in the record and it is not an issue on appeal.

On March 7, 2005, State Auto moved for summary judgment on its declaratory judgment action and on Jones Stone's counterclaim of violation of the TCPA.

On April 20, 2005, Jones Stone and the Waufords went to mediation in the underlying matter and settled for $53,000. Jones Stone demanded that State Auto pay the settlement; State Auto declined, stating that the damages complained of were not covered by the policy and that there was no proof that any action by Jones Stone caused the damage to the Waufords' home. Jones Stone paid the settlement with the Waufords.

Jones Stone filed a response in opposition to State Auto's motion for summary judgment on December 5, 2005. On January 19, 2006, the trial court entered an order (1) granting State Auto's summary judgment motion on the declaratory judgment claim, stating that State Auto had "no duty to defend or indemnify [Jones Stone] with respect to the underlying lawsuit"; (2) granting the motion on Jones Stone's counterclaim for estoppel and dismissed the claim[3]; (3) denying the motion on State Auto's notice issue because "there exist[ed] genuine issues of material fact"; and (4) holding in abeyance the disposition of Jones Stone's counterclaim for violation of the TCPA until Jones Stone resolved inconsistencies in the positions taken in its pleadings.

On February 10, 2006, Jones Stone filed a Motion to Alter or Amend, asking the court to reconsider its ruling on State Auto's summary judgment motion based on the legal argument presented in its motion. On July 12, the trial court entered an order, reversing its grant of summary judgment to State Auto on the declaratory judgment action[4] and on Jones Stone's estoppel claim; the court also found that genuine issues of material fact existed as to Jones Stone's counterclaim for violation of the TCPA. Consequently, State Auto's summary judgment motion was denied.

A trial was held over March 31 - April 3, 2008. On April 2, at the conclusion of State Auto's case-in-chief, Jones Stone informed the court that it did not have any proof to offer in addition to the evidence entered during State Auto's case[5]; both sides then moved for a directed verdict on all causes of action. The trial court initially directed a verdict in favor of State Auto on its declaratory judgment claim and on Jones Stone's "[counter]claims of coverage by estoppel, negligent misrepresentation, intentional misrepresentation, bad faith, and punitive damages, as well as some

---

[3] In its motion, State Auto did not seek summary judgment on Jones Stone's counterclaim for estoppel; the trial court, however, disposed of the claim in its ruling. The claim was subsequently reinstated.

[4] In its July 12 order, the trial court acknowledged that it applied an incorrect standard in disposing of the declaratory judgment action in the January 19 order, stating that the determination of the duty to defend "is not restricted to looking at only facts alleged in the complaint filed by the Waufords but in deciding the duty to defend, must also review the actual facts."

[5] Counsel for Jones Stone stated at trial that "our exhibits are part of the stipulated exhibits. And we have put all our proof in...through the witnesses, through the cross-examination and the direct examinations. There is no need for us to provide any additional evidence. We rely on everything, but with that we, too, rest as well."

of [Jones Stone's] breach of contract claims and claims under the [TCPA]."[6] Jones Stone promptly moved the court to reconsider, asking the court to reconsider its grant of State Auto's directed verdict motion on the declaratory judgment claim and on Jones Stone's counterclaims. Following argument, the court reversed the directed verdict on State Auto's declaratory judgment claim, directed a verdict in favor of Jones Stone on the claim, and awarded Jones Stone $53,000 on that cause of action; in all other respects, the motion to reconsider was denied. The case was submitted to the jury on the remaining claims of breach of contract and violation of the TCPA.[7]

The jury returned a verdict in favor of Jones Stone on both remaining causes of action, awarding $53,000 on the breach of the duty to defend claim and $15,000 for the TCPA claim. Jones Stone filed a Motion for Post-Trial Relief, seeking treble damages under the TCPA, attorneys' fees, and prejudgment interest. On December 2, 2008, the trial court entered a Memorandum and Order, which awarded the following to Jones Stone: (1) $15,000 on the jury's award for violation of the TCPA; (2) $53,000 on the jury's award for breach of duty to defend; (3) $30,000 in "double damages" pursuant to the TCPA; (4) $144,439.35 in attorneys' fees pursuant to the TCPA; and (5) prejudgment interest at a rate of 10% on the jury's breach of contract award. The Memorandum and Order then stated that, "[i]n preparing the final order, counsel for [Jones Stone] shall include only one award of $53,000 since the Court's award of that amount...under the declaratory judgment claim along with the $53,000 awarded by the jury for breach of the duty to defend claim would amount to a double recovery."

On December 11, Jones Stone filed a Notice of Election of Remedies, in which it elected to accept the jury's award of $53,000 on the breach of duty to defend claim rather than the trial court's award of $53,000 on the declaratory judgment action. On December 18, the trial court entered an Order of Judgment, which recited its grant of a directed verdict in favor of Jones Stone on the declaratory judgment action and award of $53,000, noted Jones Stone's Notice of Election of Remedies, and entered judgment on the awards listed in the Memorandum and Order. State Auto appeals.

## II. Statement of the Issues

State Auto raises the following issues:

1. Whether the Chancery Court erred in not granting directed verdict to State Auto on its claim for declaratory judgment as to coverage.

---

[6] In regard to the breach of contract claim, the trial court stated that it "grants a directed verdict and dismisses that part of Count IV [of Jones Stone's counter-complaint], breach of contract, to provide coverage and indemnity." As will be discussed in footnote 7, *infra*, the remaining breach of contract claim was for duty to defend.

[7] After disposing of the motions for directed verdict, the trial court stated that "left for the jury to decide is Count I [of Jones Stone's counter-complaint], the [TCPA], whether State Auto breached its duty to defend, and then part of Count IV [of Jones Stone's counter-complaint], and that would be the breach of contract alleged by Jones Stone that pertains to the duty to defend."

-4-

2. Whether the Chancery Court erred by directing a verdict to Jones Stone on the counterclaim of breach of contract for duty to defend.

3. Whether the Chancery Court erred by not directing a verdict in favor of State Auto under the TCPA.

4. Whether the Chancery Court erred in awarding post-trial attorneys' fees, interest, and multiple damages.

Jones Stone raises the following issues:

1. Whether the trial court erred in directing a verdict against Jones Stone on its counterclaims of fraud, bad faith, and punitive damages.

2. Whether this Court should rule that Jones Stone is entitled to reasonable attorney's fees and costs on appeal pursuant to the TCPA.

## II. Analysis

*A. Preliminary Matters*

In their respective briefs on appeal, each party challenges some of the issues raised by the opposing party; we find it necessary to dispose of these issues before reaching the merits of this appeal.

*1. State Auto's Issue #1*

Jones Stone asserts that State Auto's challenge to the trial court's denial of its directed verdict motion on the declaratory judgment claim is waived because State Auto failed to file a motion for new trial in accordance with Rule 3(e), Tenn. R. App. P.[8] In response, State Auto contends that the trial court disposed of its directed verdict motion on the declaratory judgment action through its grant of Jones Stone's Motion to Reconsider, which the court treated as a Rule 59 motion to alter or amend, and that Rule 3(e), Tenn. R. App. P. does not apply to motions to alter or amend. This Court, however, finds that the more relevant consideration of State Auto's first assignment of error is whether the issue is moot.

"A case will be considered moot if it no longer serves as a means to provide some sort of relief to the party who may prevail." *Wester v. McDow*, 2009 WL 1034758, at *5 (Tenn. Ct. App. April 16, 2009) (citing *McCanless v. Klein*, 188 S.W.2d 745, 747 (Tenn. 1945)). "[R]eview proceedings are...for the purpose of...correct[ing] errors injuriously affecting the rights of some party

---

[8] Tenn. R. App. P. 3(e) requires an appellant who challenges an action of the trial court that occurred during the trial to raise the alleged error in a post-trial motion for a new trial in order to preserve the issue for appeal.

to the litigation." *In re Sentinel Trust Co.*, 206 S.W.3d 501, 531 (Tenn. Ct. App. 2005) (quoting *Boyce v. Williams*, 389 S.W.2d 272, 278 (Tenn. 1965)). "An appeal or error proceeding will be dismissed if the question presented by it...has become moot or academic or if, ... an event has occurred which makes a determination of it unnecessary or renders it impossible for an appellate court to grant effectual relief." *Boyce*, 389 S.W.2d at 278.

The record reveals that the trial court orally granted Jones Stone a directed verdict on State Auto's declaratory judgment claim and that, after trial, Jones Stone elected to accept the jury's award of $53,000 on the breach of contract claim in lieu of the trial court's award of $53,000 on the declaratory judgment action. Jones Stone's election to accept the jury's award in lieu of the trial court's award effectively negated the declaratory judgment award, to which Jones Stone was no longer entitled. *McQuiddy Printing Co. v. Hirsig*, 134 S.W.2d 197, 203 (Tenn. Ct. App. 1939) ("[w]here the remedies are so inconsistent or repugnant that the pursuit of one necessarily involves the negation of the other, the party who invokes one of them is held to have made his election of remedies and cannot thereafter have the benefit of the other"). Thus, State Auto's challenge of the trial court's denial of a directed verdict in its favor on the declaratory judgment action has been rendered moot since the declaratory judgment award was negated, Jones Stone received no benefit therefrom, and State Auto would realize no relief by a finding in its favor. *Wester*, 2009 WL 1034758, at *5 ("[b]ecause this court cannot provide any real or practical relief, we decline to address the issues raised by the [appellant] and dismiss the appeal as moot").

State Auto also addressed this issue at oral argument, stating that the trial court's grant of a directed verdict in the declaratory judgment action resulted in a finding that State Auto owed Jones Stone coverage in the underlying lawsuit and that such finding affected the jury's consideration of the breach of the duty to defend and TCPA claims. We do not agree. First, the only contract claim submitted to the jury related to State Auto's duty to defend, not coverage. *See* footnote 6, *supra*. Second, upon a review of Jones Stone's counter-complaint, it is clear that the breach of duty to defend and violation of the TCPA claims were based upon State Auto's defense of Jones Stone in the underlying suit, not upon its failure to provide coverage to Jones Stone.[9] At trial, counsel for State Auto acknowledged that it had "assumed the duty to defend" and that State Auto "defended all the way through until Jones Stone decided they wanted to settle the case." Consequently, the trial court's finding that Jones Stone was entitled to coverage, made pursuant to its grant of Jones Stone's directed verdict motion, did not affect the jury's consideration of the breach of contract of duty to defend and violation of the TCPA claims, which were, instead, based upon State Auto's duty to

---

[9] Jones Stone asserted that State Auto breached its duty to defend by "[f]ailing to properly, promptly, and vigorously defend Jones Stone in the underlying suit"; "[f]ailing to preserve evidence in the underlying lawsuit"; and "[r]efusing to consider in good faith offers of settlement in the underlying suit." In regard to the TCPA claim, Jones Stone contended that State Auto violated the TCPA by "controlling the defense in the underlying lawsuit [which] prevented Jones Stone from being able to settle the underlying lawsuit at, or less than, the initial settlement demand of $25,000"; "[f]ailing to actively defend the lawsuit and delaying trial in the underlying lawsuit for more than three years [which] prevented Jones Stone from being able to properly defend the Waufords' claim"; and "initat[ing] the instant action barely one month after Jones Stone's policy renewal date in retaliation for Jones Stone's decision to discontinue its insurance coverage with State Auto."

-6-

defend Jones Stone in the underlying suit.[10]  Therefore, State Auto's challenge on appeal to the trial court's denial of its directed verdict motion on the declaratory judgment claim does not "serve[] as a means to provide some sort of relief to the party who may prevail" and remains moot.  *Wester*, 2009 WL 1034758, at *5.

### 2. State Auto's Issue #2

In its second issue, State Auto challenges the trial court's grant of Jones Stone's motion for a directed verdict on the counterclaim for breach of duty to defend.  Upon a review of the record, we find that the trial court never granted such motion; rather the court denied State Auto's motion for a directed verdict on the claimed breach of the duty to defend and allowed the jury to consider the cause of action.  *See* footnote 7, *supra*.  Since State Auto's assignment of error was based on a trial court action that never occurred, we find the issue to be without merit.  State Auto does not challenge the sufficiency of the evidence in support of the jury's verdict on the breach of contract claim and, accordingly, the jury's verdict in that regard is affirmed.

### 3. State Auto's Issue #3

Jones Stone asserts that State Auto's challenge to the trial court's denial of its motion for a directed verdict on Jones Stone's counterclaim for violation of the TCPA is waived because State Auto failed to file a motion for a new trial in accordance with Rule 3(e), Tenn. R. App. P.

"[I]n all cases tried by a jury, no issue presented for review shall be predicated upon error in...[an] action committed or occurring during the trial of the case..., unless the same was specifically stated in a motion for a new trial; otherwise such issues will be treated as waived."  Tenn. R. App. P. 3(e).  "Failure to file either [a motion for a new trial or a motion for judgment n.o.v.]...denies 'the trial judge the opportunity to consider or reconsider alleged errors committed during the course of trial' and precludes appellate review of that issue."  *Mires v. Clay*, 3 S.W.3d 463, 468 (Tenn. Ct. App. 1999) (citing and quoting *Cortez v. Alutech, Inc.*, 941 S.W.2d 894-96 (Tenn. Ct. App. 1996)).

We find State Auto's third issue to be waived because the trial court denied State Auto's motion for a directed verdict on the TCPA claim during the "trial of the case" and State Auto failed to assert error in the denial of the motion in its motion for a new trial.  Tenn. R. App. P. 3(e); *Mires*, 3 S.W.3d at 468 (finding that review of the trial court's denial of appellant's directed verdict motions, made at the close of appellee's proof and at the close of all proof, was waived because appellant failed to raise an allegation of error in a motion for a new trial).  Since State Auto does not challenge the sufficiency of the evidence in support of the jury's verdict on the TCPA claim, the jury's verdict in that regard is affirmed.

---

[10]  *See* excerpt of jury charge at sec. IID, *infra*.  We presume that the jury was "honest and conscientious and . . . followed the instructions given to them."  *Duran v. Hyundai Motor America, Inc.,* 271 S.W.3d 178, 212 (Tenn. Ct. App. 2008).

*4. Jones Stone's Issue #1*

State Auto asserts that Jones Stone's challenge to the trial court's grant of State Auto's directed verdict motion on the counterclaims of fraud, bad faith, and punitive damages is waived because Jones Stone failed to comply with Rule 3(e), Tenn. R. App. P. Contrary to the rules governing a trial court's *denial* of a directed verdict motion, "[w]henever a court shall have *granted* a directed verdict, it shall not be necessary for the party against whom the verdict was directed to file a motion for a new trial to obtain appellate review of the action of the court." Tenn. R. Civ. P. 50.05 (emphasis added). Thus, we find that Jones Stone did not waive its right to appeal the trial court's grant of the directed verdict motions on the stated counterclaims since it was not required to first file a motion for a new trial.

*B. Directed Verdict on Misrepresentation, Bad Faith, and Punitive Damages Claims*

Jones Stone contends that "the trial court erred when it refused to allow the jury to decide" the counterclaims of misrepresentation, bad faith, and punitive damages because the "substantial evidence in the record" showed "that State Auto never intended to provide coverage, that it misled Jones Stone about its true intent, and that it provided a defense solely so that it could develop proof that there was no coverage." Jones Stone asks this Court to "reverse the trial court's ruling granting a directed verdict to State Auto on [the counterclaims] and remand these claims for a trial by jury."

In addition to the tort claims of misrepresentation and bad faith, Jones Stone's counter-complaint also asserted a claim for breach of contract. "[W]here a given state of facts entitles one to either of two causes of action, that is, on tort or breach of contract that a suit on the one to judgment is a bar to the other." *Harris v. Tindall*, 277 S.W.2d 374, 377 (Tenn. 1955) (citing *Norton v. Doherty*, 3 Gray 372, 1855 WL 5689 (Mass. 1855) ("as a necessary legal consequence,...when a plaintiff elects one, and pursues it to judgment, such judgment is conclusive, and is a bar to another action")). Thus, "on the same facts the plaintiff has an election of remedies, and may sue either in tort or contract." *Id*. at 376.

After the court directed a verdict in favor of State Auto on Jones Stone's counterclaims for misrepresentation and bad faith, Jones Stone pursued an award under the breach of contract claim and obtained a judgment thereon. Assuming, *arguendo*, that Jones Stone is correct in its contention that the trial court erred in granting State Auto's directed verdict motion on the misrepresentation and bad faith causes of action, Jones Stone would still not be entitled to relief on those claims since the contract and torts claims arise from the same set of facts and, consequently, the jury's award to Jones Stone for breach of contract bars its pursuit of judgment under the tort claims. *Harris*, 277 S.W.2d at 377. Jones Stone does not argue that the trial court's grant of State Auto's motion for a directed verdict on the tort claims should be reversed for the purpose of obtaining an award to allow it to elect between the relief awarded under the breach of contract claim and under the tort claims; rather, it seeks to have the trial court's directed verdict reversed in order to obtain a tort award, in addition to its contract award. Jones Stone is barred from doing this and, consequently, the issue is

moot. *Wester*, 2009 WL 1034758, at *5 ("[b]ecause this court cannot provide any real or practical relief, we decline to address the issues raised by the [Appellant] and dismiss the appeal as moot").

In regard to Jones Stone's claim for punitive damages, we find the issue to be pretermitted since "punitive damages...are appropriate in tort actions and not in contract actions." *Baines v. Wilson County*, 86 S.W.3d 575, 580 n.2 (Tenn. Ct. App. 2002) (citing *Hodges v. S.C. Toof & Co.*, 833 S.W.2d 896 (Tenn. 1992)); *see also Bland v. Smith*, 277 S.W.2d 377, 379 (Tenn. 1955) ("[i]t is a general rule in Tennessee that punitive damages are only allowable in cases involving torts...These damages are not generally allowed in cases founded on a breach of contract"). We see no basis upon which to abrogate the application of the rule in this case.

## C. *Award of Double Damages Pursuant to the TCPA*

State Auto asserts that the trial court erred in awarding Jones Stone "double damages" under the TCPA since its alleged violation of the Act was not willful. Jones Stone asserts that State Auto's violation of the TCPA, as outlined in its counter-complaint, *see* footnote 9, *supra*, was willful and, thus, warrants an award of treble damages pursuant to the Act.

Upon a finding that a party violated the TCPA, the trial court may award up to treble damages for such violation pursuant to Tenn. Code Ann. § 47-18-109(a)(3).[11] "In order to award treble damages, the trial court must first find that the TCPA violation was made willfully or knowingly." *Mills v. Partin*, 2008 WL 4809135, at *7 (Tenn. Ct. App. Nov. 4, 2008). "The TCPA defines 'knowing' as 'actual awareness of the falsity or deception, but actual awareness may be inferred where objective manifestations indicate that a reasonable person would have known or would have had reason to know of the falsity or deception." *Id*. (quoting Tenn. Code Ann. § 47-18-103(6)). "The TCPA does not define 'willful,' but courts have construed it to mean 'intentional.'" *Id*. (citing *Akers v. Bonifasi*, 629 F.Supp. 1212, 1223 (M.D.Tenn. 1984)). A willful act has been defined as "a conscious, voluntary act that occurs by way of design and not necessarily by malice." *Baggett v. Crown Automotive Group, Inc.*, 1992 WL 108710, at *13 (Tenn. Ct. App. May 22, 1992) (citing Black's Law Dictionary, (Rev. 4th ed. 1968)). "The question of whether an act or practice was 'willful or knowing' is a question of fact." *Mills*, 2008 WL 4809135, at *7 (citing *Smith Corona Corp. v. Pelikan, Inc.*, 784 F.Supp. 452, 484 (M.D.Tenn. 1992)). Review of the trial court's findings of fact is *de novo* upon the record accompanied by a presumption of correctness, unless the preponderance of the evidence is otherwise. *See* Tenn. R. App. P. 13(d); *Kaplan v. Bugalla*, 199 S.W.3d 632, 635 (Tenn. 2006).

The trial court found that State Auto willfully violated the TCPA through its handling of the defense of Jones Stone in the underlying suit, particularly by refusing to participate in the settlement negotiations between Jones Stone and the Waufords. The court found that "from the date [State

---

[11] Tenn. Code Ann. § 47-18-109(a)(3) provides that "[i]f the court finds that the use or employment of the unfair or deceptive act or practice was a willful or knowing violation of this part, the court may award three (3) times the actual damages sustained and may provide such other relief as it considers necessary and proper."

Auto] assumed the duty to defend in April of 2002, the mental condition of an important witness for [Jones Stone], Mr. Jones,[12] was deteriorating"; that "[b]y the date of the mediation in the underlying lawsuit in April of 2005, Mr. Jones was not able to participate as a witness in that lawsuit"; and that State Auto "was made aware of Mr. Jones' condition in October of 2003." The court concluded that, "[i]n the context of the incapacity of this important witness to defend against the underlying lawsuit, [State Auto] refused to participate in settlement discussions at the mediation...and Jones Stone was forced to pay for the settlement...out of its own pocket." The court found that "while [State Auto's] conduct may not have been malicious or in bad faith because it was still trying to confirm there was not coverage under its policy,...[State Auto's] actions were willful, conscious, voluntary and occurred by way of design."

State Auto contends that it "fulfilled its *duty to defend* Jones Stone under the insurance policy by retaining well respected, competent counsel and not interfering with that counsel's representation of Jones Stone," (emphasis in original), that it "consistently defended Jones Stone throughout the Wauford's suit," and that "the fact that State Auto believed the claims being settled were not within its coverage was not a 'withdrawal' from the defense of the case." In its brief on appeal, State Auto asserts that it refused to provide consent for Jones Stone to settle the underlying lawsuit because Jones Stone never admitted liability for the damages done to the Waufords' home[13] and "Jones Stone had *several viable defenses* to the Waufords' claims." (Emphasis in original). State Auto argues that, despite the deteriorating mental status of Morgan Jones, the underlying lawsuit could have been effectively defended through the testimony of Jerry Miller, Jones Stone's supervisor on the Wauford project[14]; the report of Charles Jones of JKI Engineering, an expert hired to inspect the Waufords' home[15]; and the deposition of Morgan Jones, taken prior to his incapacity.[16]

---

[12] The court was referring to Morgan Jones, the principal owner of Jones Stone.

[13] The Settlement Agreement and General Release entered into between Jones Stone and the Waufords in the underlying dispute contained a provision titled "No Admission of Liability," which stated that:

> It is understood and agreed that the making of this Agreement and the payments of all amounts herein by any of the parties to this Agreement is not intended to be, and is not to be constructed as, an admission of liability on the part of any party hereto. Said Settlement Payment is made solely in settlement of disputed claims and to avoid the expense of litigation, and with the *express denial* of any liability by the parties.

(Emphasis added).

[14] Mr. Miller was not available to testify at trial but his deposition was read to the jury, which contained testimony regarding the natural occurrence of discoloration in limestone, including the various natural causes; the good work performed on the Waufords' home; and the good quality of the limestone used.

[15] Mr. Jones' report reached the following conclusions, in part pertinent:

> ...Most of the staining pattern I observed at the two entries and the rear steps was very similar for both the limestone and the abutting cast stone (concrete). I have concluded that most of the staining and discoloration I observed at the two entries and the back steps of the patio must be from a common

(continued...)

In its brief on appeal, Jones Stone asserts that State Auto's refusal to accept coverage of the underlying lawsuit and its filing of the declaratory judgment action after Jones Stone switched insurance carriers were willful violations of the TCPA that warrant an award of treble damages. Jones Stone admits, however, that, despite State Auto's refusal to participate in the settlement negotiation, "State Auto encouraged Jones Stone to participate in the settlement...and also sent its counsel in the instant action to the mediation as State Auto's representative."

Upon a review of the record, we find that the evidence preponderates against the trial court's finding that State Auto willfully violated the TCPA in regard to its defense of Jones Stone in the underlying lawsuit. The trial court was correct in stating that, "even though [State Auto] was investigating to confirm that [Jones Stone's] policy did not provide coverage..., once it undertook the duty to defend, it was required to do so in a diligent manner in its investigation, negotiation, defense and settlement of the underlying lawsuit." There is no evidence in the record, however, to show that State Auto's refusal to accept coverage of the underlying lawsuit or initiation of the declaratory judgment claim in any way adversely affected the representation Jones Stone received in defending the underlying lawsuit. State Auto did not limit the representation of the attorney retained to defend Jones Stone nor did it disrupt the settlement negotiations.[17] Rather, State Auto "encouraged Jones Stone participate in the settlement" and refused to indemnify Jones Stone in the event a settlement was reached because it believed that the claims in the underlying lawsuit could still be defended, a position that the evidence suggests was reasonable for State Auto to maintain. There is no evidence that State Auto's refusal to indemnify Jones Stone had an adverse effect on the defense of the underlying suit. We find that any violation of the TCPA by State Auto was not willful

---

[15](...continued)
source for both the cast stone and the limestone...

With respect to the large rear patio, most of the stains and discolorations that I observed...were caused by algae, lichen, fungus or some similar living organism. The contents of the planters are another obvious and significant source of staining. There are also some variations in color and appearance along many of the joints that are probably due to application of a joint sealer or to a cleaning procedure...

I did see one area of the rear patio where there was a stain...that might have been an alkali stain in the stone. But it may have been rust. In any event, back-coating the hidden surfaces of the stone probably would not have prevented this stain (whether it was alkali or rust) because whatever caused the stain probably entered at the face of the paver. The likely source of the stain is either the concrete pedestal or something containing iron in the column.

[16] Morgan Jones' deposition was read to the jury, which contained testimony regarding the natural occurrence of discoloration in limestone, including the various natural causes of discoloration, such as water, mulch, and grass.

[17] Leonard Pogue, the attorney retained to represent Jones Stone in the underlying suit, was unable to testify at trial but his deposition was read to the jury, in which he stated that there was never "any course of action that [he] wanted to take in the representation of Jones Stone that State Auto instructed [him] not to take," that there was nothing "unusual about the length of time that the lawsuit...was progressing," and that he considered Jones Stone to be his client.

and, consequently, that the award of "double damages" under the TCPA was unwarranted; the award is vacated.[18]

### D. Attorneys' Fees Pursuant to the TCPA

"Tennessee follows the 'American Rule' that 'in the absence of a contract, statute or recognized ground of equity so providing there is no right to have attorneys' fees paid by an opposing party in civil litigation.'" *Whitelaw v. Brooks*, 138 S.W.3d 890, 893 (Tenn. Ct. App. 2003) (quoting *State ex rel. Orr v. Thomas*, 585 S.W.2d 606, 607 (Tenn. 1979)). The TCPA provides that "[u]pon a finding by the court that a provision of [the TCPA] has been violated, the court may award to the person bringing such action reasonable attorney's fees and costs." Tenn. Code Ann. § 47-18-109(e)(1). The purpose of the statutory provision allowing for an award of reasonable attorneys' fees is to ensure that the pursuit of TCPA claims remain "economically viable" to the plaintiff. *Killingsworth v. Ted Russell Ford, Inc.*, 104 S.W.3d 530, 535 (Tenn. Ct. App. 2002). "When a plaintiff prevails in...[a] consumer protection claim, his counsel will ordinarily be entitled to full compensation for time and effort expended in the representation." *Keith v. Howerton*, 165 S.W.3d 248, 252 (Tenn. Ct. App. 2004) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983)).

"The Tennessee Supreme Court has directed that when deciding attorney fees the trial courts should consider the guidelines as delineated in *Conners v. Conners*, 594 S.W.2d 672, 677 (Tenn. 1980), and also...the factors listed in S.Ct. Rule 8."[19] *Keith*, 165 S.W.3d at 251. "[T]he reasonableness of an attorney's fees will depend upon the particular circumstances of the individual case, as considered in light of the relevant guidelines." *Id.* "The 'determination of reasonable

---

[18] In awarding "double damages," the trial court stated that it was "exercis[ing] its discretion not to award the full treble damages but some part thereof" because "where there is not an egregious deception under the [TCPA] but, still, a finding of a willful or knowing violation, actual damages may be augmented in lieu of a full trebling." State Auto asserts on appeal that, if the "double damage" award is affirmed, the trial court erred by actually trebling the TCPA award, instead of awarding "double damages" as it stated that it would. Since we are vacating any award of double damages, this issue is pretermitted.

[19] The factors under Rule 8, Tenn. S. Ct. R., RPC 1.5 are:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
(3) the fee customarily charged in the locality for similar legal services;
(4) the amount involved and the results obtained;
(5) the time limitations imposed by the client or by the circumstances;
(6) the nature and length of the professional relationship with the client;
(7) the experience, reputation, and ability of the lawyer or lawyers performing the services;
(8) whether the fee is fixed or contingent;
(9) prior advertisements or statements by the lawyer with respect to the fees the lawyer charges; and
(10) whether the fee agreement is in writing.

Tenn. S. Ct. R. 8, RPC 1.5.

attorneys' fees and costs is necessarily a discretionary inquiry' by the Trial Court, to which the appellate courts will defer, absent an abuse of discretion." *Id*. at 250-51 (quoting *Killingsworth*, 104 S.W.3d at 534). "A [c]ourt abuses its discretion when it 'either applie[s] an incorrect legal standard or reache[s] a clearly unreasonable decision, thereby causing an injustice to the aggrieved party.'" *Id*. at 251 (quoting *Kline v. Eyrich*, 69 S.W.3d 197, 204, 209 (Tenn. 2002)).

Upon a review of the record and applicable law, we find that the trial court did not properly calculate the fee attendant to State Auto's violation of the TCPA. Jones Stone was entitled to counsel fees for time spent in pursuit of the TCPA claims; the trial court, however, awarded fees for time spent in pursuit of the non-TCPA claims, i.e., the claims that were not subject to fee-shifting. Stating that the fees associated with the TCPA claim were indistinguishable from the rest of the fees incurred, the trial court awarded Jones Stone all fees it incurred in the litigation. The evidence of record, as well as the issues involved in and the conduct of this case, do not support this finding. In addition, the record does not show that the trial court considered all appropriate factors in making the award.

While the entire controversy between the parties arose as a result of the damage to the Waufords' stone, the basis of the declaratory judgment action was whether the damage to the Waufords' stone was an "occurrence" as defined in the policy at issue; the breach of duty to defend and TCPA claims were based on State Auto's conduct of the defense of Jones Stone in the Wauford lawsuit. The directed verdict in favor of Jones Stone on the declaratory judgment action was based on a finding that, under the terms of the policy, Jones Stone was entitled to coverage; the court awarded $53,000 pursuant to that determination. In directing the verdict, the court stated:

> Based on the legal authorities provided by [Jones Stone] last night and this morning, to the effect that staining of the Arriscraft under case law from other jurisdictions does constitute physical injury to property in their citation to Couch on Insurance.
> The Court concludes that Tennessee would fall in line with that, and concludes that [Jones Stone] has demonstrated, "physical injury to tangible property," so as to fit within the definition of 1-A of the policy of "property damage."
> The Court further concludes that the unique facts of this case as to [Morgan] Jones' dementia and the allegations by the Waufords of staining of the Arriscraft which caused Jones Stone to settle the case fulfilled the requirement in the first sentence of 1-A of the policy, "that the insured becomes legally obligated to pay."

After directing the verdict, the court charged the jury with respect to the remaining claims as follows:

> ...[T]he decisions of law made yesterday have narrowed and shortened the issues of fact for you to decide. The decisions I made yesterday have eliminated you deciding any questions about coverage.

The issues of fact for you to decide all relate to one subject, and that subject is the duty of an insurance company, in this case...State Auto, to defend its policyholder, in this case Jones Stone.

***

Specifically, Jones Stone claims that State Auto breached its duty under the parties' insurance [policy] to defend Jones Stone in the lawsuit filed by the Waufords. Jones Stone also claims that State Auto treated Jones Stone unfairly or deceptively in the manner in which it handled the defense of Jones Stone in the lawsuit filed by the Waufords, in violation of the [TCPA].

In accordance with this charge, the jury found in favor of Jones Stones on both the breach of duty claim, awarding $53,000 in damages therefor, and on the claim that State Auto violated the TCPA, for which the jury awarded $15,000. Thus, with respect to both the directed verdict and the jury verdict, the factual and legal bases of the claims upon which Jones Stone recovered were distinct.

In making its award of attorneys' fees, the court relied on this Court's opinion in *Lowe v. Johnson County*, 1995 WL 306166 (Tenn. Ct. App. May 19, 1995), which cited to the United States Supreme Court opinion in *City of Riverside v. Rivera*, 477 U.S. 561 (1986) for the following quote[20]:

> All claims made by plaintiffs were based on a common core of facts. The claims on which plaintiffs did not prevail were closely related to the claims on which they did prevail. The time devoted to claims on which plaintiffs did not prevail cannot reasonably be separated from time devoted to claims on which plaintiffs did prevail.

*Lowe*, 1995 WL 306166, at *7.[21] The court concluded that "in this case both [State Auto's] claims and [Jones Stone's] counterclaims involved a common core of facts" and "[t]he [TCPA] claim was intertwined with every other claim throughout the entire litigation." To the extent the trial court read *Lowe* as authorizing the amount of fees awarded in this case, we do not agree.

*Lowe* was an action brought pursuant to the Tennessee Human Rights Act ("THRA") in which the plaintiff set forth claims of sex discrimination, sexual harassment and retaliation; the jury returned a verdict for plaintiff on the claim of retaliation only. The plaintiff thereafter sought an award of fees pursuant to the THRA.[22] This court rejected the argument that a fee which considered the time spent on the entire case was unreasonable because plaintiff had not succeeded on each claim

---

[20] The opinion in *City of Riverside* cited to *Hensley v. Eckherhart*, 461 U.S. 424 (1983) as the source of the quotation. While located in the *City of Riverside* opinion, the quote cannot be found in the *Hensley* opinion.

[21] Even though the *Lowe* opinion dealt with a Tennessee Human Rights Act claim and the *Riverside* and *Hensley* opinions dealt with constitutional violations, "Tennessee courts have consistently held that the policy rationale underpinning the civil rights statutes' fee shifting provisions are likewise applicable to cases arising under the Consumer Protection Act." *Keith*, 165 S.W.3d at 251.

[22] Fees are awardable in a proceeding under the THRA at Tenn. Code Ann. § 4-21-311.

presented to the jury. Importantly, the services for which all fees were sought were specifically related to the THRA cause of action, although the factual bases of the alleged violations of the Act were different. *Lowe* did not extend a right to recover attorneys' fees to *any* claim that shared a common core of facts with a claim that possessed a statutory right to recover fees, only those brought pursuant to the same statute.

In the record is the affidavit of Judge Ben Cantrell,[23] who reviewed the invoices submitted to Jones Stone by its counsel and opined that the invoices reflected a significant amount of work performed by counsel on the issue of coverage. After noting that "[t]he number of hours spent over the nearly four years this matter was in court is not unreasonable and the hourly rates for the attorneys involved are in line with the rates charged in this area," Judge Cantrell concluded that "a reasonable fee for obtaining the judgment under the [TCPA] is...one-fifth of the total fee" since that equaled the time associated with the TCPA claim in relation to the total amount of time spent.[24] Mr. Jones' affidavit, on the other hand, does not separate the hours spent pursuing the TCPA claim from the other claims in the case and does not opine as to any difficulty or impracticability in doing so. The Cantrell affidavit is unrefuted.

The trial court characterized Judge Cantrell's opinion as "reduc[ing] the amount of attorney's fees requested to one-fifth of the total fee ($25,222.40), taking into account factor 4 (the amount involved and the results obtained) of Rule 1.5 of Rule 8 of the Tennessee Supreme Court's Rules." We do not agree with this characterization. Judge Cantrell concluded that a "reasonable" award with regard to the TCPA should be based on one-fifth of the total time spent by counsel for Jones Stone on the entire case since some of the time spent dealt with the issue of coverage, which was unrelated

---

[23] In support of its application for fees, Jones Stone had submitted the affidavit of Phillip Byron Jones, an attorney licensed in Tennessee; the affidavit of Judge Cantrell was submitted in opposition to the application. No objection was made to the court's consideration of either affidavit or the opinions expressed.

[24] In reaching this conclusion that the attorneys' fees related to the TCPA claims amounted to one-fifth of the total expenses, Judge Cantrell provided the following evaluation of the fees incurred by Jones Stone:

> Since the invoices do not break out the time spent on the different parts of the litigation, I went through the invoices and compared the time sheets to what was occurring on the different claims or defenses and what was produced for filing.
> ***
> Additional factors that I considered in arriving at a conclusion that one-fifth of the time was spent on the [TCPA] claim include the following:
>> A. From the time [State Auto] filed its motion for summary judgment...until the Court set the summary judgment aside..., most of [Jones Stone's] lawyers' time was devoted to the coverage issues.
>> B. [Jones Stone] filed their own motion for summary judgment on the coverage issues....The time spent on the motion and the time between filing and disposition was almost entirely spent on the coverage issues.
>> C. When the Court directed a verdict at the trial on the declaratory judgment, the emergency hours spent on the motion to reconsider were all related to the coverage issues.

to the TCPA claim. Judge Cantrell's opinion considered and applied factor 1 of Rule 1.5 of the Rules of Professional Conduct, the "time and labor required;" the suggested one-fifth reduction of the attorneys' fees incurred was based on "one-fifth of the *time*...spent on the [TCPA] claim" (emphasis added) and excluded the time spent on the non-TCPA claims. Significantly, Judge Cantrell distinguished the time devoted to the coverage issue from the time spent pursuing the TCPA claim and there is no countervailing evidence in the record. The fact that significant time was spent separately pursuing the coverage issue is reflected in the procedural history of the case, recited *supra,* particularly the various motions specifically addressing the declaratory judgment aspect of the case and the court's rulings related thereto. The TCPA claim was discrete and severable from the coverage claim and time spent related to the coverage issue should be disregarded in the court's determination of a reasonable fee pursuant to the TCPA.[25] Consequently, we vacate the award of fees and remand for further consideration in accordance with this opinion.

As noted above, the factors to be considered in deciding the amount of fees to be awarded under the TCPA are those set forth in *Conners, supra,* and listed in RPC 1.5 of Tennessee Supreme Court Rule 8. The only factor mentioned by the court in its review of the application for fees was the reference to factor 4, the "amount involved and the results obtained," in the court's discussion of the Cantrell affidavit. We believe there are other factors relevant to the court's consideration of this issue. While we do not believe the holding in *Lowe* authorizes the court's action in this case, we find that the factor-by-factor procedure utilized in that case provides a workable guide for the court and counsel in applying the factors and determining a reasonable award of attorneys' fees.

*E. Prejudgment Interest*

The trial court awarded Jones Stone "[p]rejudgment interest at the rate of 10%...on the jury's award of $53,000." On appeal, State Auto asserts that "Jones Stone was not entitled to prejudgment interest...because Jones Stone was not entitled to receive damages under the declaratory judgment action." Since the trial court awarded prejudgment interest on the jury's $53,000 award for breach of contract, not under the declaratory judgment action, we find State Auto's issue to be without merit and the award is affirmed.

*F. Attorneys' Fees on Appeal*

Jones Stone "requests that this Court...award attorney's fees for the work done on appeal of this case" pursuant to the TCPA. State Auto asserts that this Court cannot generate a "*new* award of fees" but rather "Jones Stone is required to provide notice...of its intent to seek a supplemental award from the Trial Court on remand, *if and only if*, Jones Stone is successful." (Emphasis in original).

---

[25] We acknowledge that there may be commonality between the breach of duty to defend claim and the TCPA claim, inasmuch as both claims were based on Jones Stone's contentions regarding the manner in which the defense of the Wauford suit was handled and that time spent pursuing the TCPA claim may not reasonably be separated from time spent on the breach of duty to defend claim. This is not presented in this appeal and is appropriate for the parties and the court to address on remand.

Both parties agree that *Killingsworth v. Ted Russell Ford Inc.*, 205 S.W.3d 406 (Tenn. 2006) is controlling on this issue. "[A] plaintiff may be awarded reasonable attorney's fees incurred during an appeal on a claim brought under the TCPA where one or more of the TCPA's provision has been violated" since, as with the award of attorneys' fees at the trial level, "[t]he same concern with economic viability applies equally to appellate attorney's fees." *Killingsworth*, 205 S.W.3d at 410. Contrary to State Auto's contention, a party's request for an award of appellate attorney's fees "must be directed first to the appellate court" and can be disposed of in one of four ways:

> (1) the request is denied; (2) the request is granted and the appellate court sets the amount; (3) the request is granted with a remand to the trial court to set the amount; or (4) the issue is remanded to the trial court for a determination of whether the award should be made and, if so, in what amount.

*Killingsworth*, 205 S.W.3d at 410, 411 n.2.

We find that Jones Stone is not entitled to an award of attorneys' fees on appeal since the TCPA issues raised on appeal regarding the trial court's award of treble damages and attorneys' fees were both resolved against Jones Stone.

## III. Conclusion

For the reasons set forth above, the judgment of the Chancery Court awarding double damages for willful violation of the TCPA is REVERSED; the award of attorney's fees to Jones Stone is VACATED and the case REMANDED for further consideration in accordance with this opinion. In all other respects the judgment is AFFIRMED.

Costs are assessed against the parties equally for which execution may issue if necessary.

_____
RICHARD H. DINKINS, JUDGE

-17-