Kanta KEITH, Darlene Keith, Walter Jackson, and Thomas A. Snapp, Personal Representative of the Estate of Darlene Keith

v.

Gene Ervin HOWERTON and
Easy Money, Inc.

Court of Appeals of Tennessee,
Eastern Section, at Knoxville.

June 2004 Session.

Oct. 28, 2004.

Application for Permission to Appeal
Denied by Supreme Court
May 31, 2005.

Donald K. Vowell and Elizabeth K. Johnson, Knoxville, Tennessee, for Appellants.

Craig L. Garrett, Maryville, Tennessee, for Appellees.

## OPINION

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the court, in which D. MICHAEL SWINEY, J., and HOWELL N. PEOPLES, Sp.J., joined.

The Trial Court awarded plaintiffs' attorneys fees pursuant to the Consumer Protection Act. On appeal we modify by increasing the award of fees.

The issue before us is whether the Trial Court abused its discretion in its award of attorney fees to the plaintiffs. The plaintiffs had prevailed in a Consumer Protection Act claim.

Pertinent to this issue is the history of this case. This is the third appeal of the case which began in 1998 alleging a violation of the Consumer Protection Act. Upon the second remand, the Trial Court awarded plaintiffs $4,500.00 in attorney fees which equates to an hourly rate of $15.00. Plaintiffs' counsel argues that he expended 298.8 hours in litigation of this case from inception through two appeals, and that he should have an hourly rate of $125.00 to $150.00 an hour for his professional time. He also submitted testimony by affidavit from four attorneys who opined that the amount of requested fees was reasonable and appropriate for services performed. The defendants presented no countervailing proof on this issue.

Plaintiffs' Alleged violation of the Truth and Lending Act, the Tennessee Pawn Brokers' Act, and the Tennessee Consumer Act. Upon trial, the Trial Court found

that defendants' actions violated the Pawn-brokers' Act, but did not violate the Consumer Protection Act, and Judgments were entered for $2,250.00[1] for the Keiths, and $1,100.00 for Jackson.

On appeal, this Court affirmed the lower Court as to the value of the property, but reversed the Trial Court and held that there was a violation of the Consumer Protection Act, in that the defendants' deception was knowing and willful. Tenn. Code Ann. § 47–18–109(a). The Court remanded the case for determination of whether plaintiffs were entitled to treble damages and attorneys' fees, pursuant to the Consumer Protection Act. On remand, the Trial Court declined to award treble damages, but did augment the Judgment for the Keiths by $444.00 and by $650.00 to the plaintiff Jackson. Judgments were entered for $2,010.20 and $1,750.00 respectively.

The Trial Court awarded fees of $2,000.00 plus discretionary costs of $340.00.

Plaintiffs appealed the award of attorney fees as unreasonably low, as well as the failure to award treble damages. This Court held that the statute does not man-

From filing of case through trial: $ 8,993.00
First appeal 14,337.50
Trial court on 1st remand: 2,955.00
Second appeal: 15,057.50
Trial court on second remand: 2,205.00
TOTAL: $43,548.00 (through 5/30/03)

■ Appellate decisions become the law of the case that is binding on the parties and the Trial Court on remand. *State ex rel. Sizemore v. United Physicians Ins. Risk Retention Group,* 56 S.W.3d 557, 566 (Tenn.Ct.App.2001).

■ Attorneys are obligated to exercise the utmost good faith in performing

date an award of treble damages upon a finding of willful or knowing violation and that the record supported the denial of treble damages because defendants' deception was not egregious, and we concluded the Trial Court did not abuse its discretion by augmenting but not trebling plaintiffs' damages. *Keith v. Howerton,* 2002 WL 31840683 at *3 (Tenn.Ct.App.2002).

With respect to the attorneys' fees, we held that the Trial Court had erred on remand by improperly basing its determination almost exclusively on the proportionality of the Judgment to the amount of fees requested. We explicitly held that plaintiffs were successful in the case in chief and on both appeals, and remanded to the Trial Court again for a proper determination of attorneys' fees, to be guided by consideration of the factors listed in DR 2–106(b) and relevant case law. *Id.*

At the hearing on the second remand the Trial Court found that the requested fees were "excessive, exorbitant and not justified by the case in any way", and ordered a total attorneys' fee award of $4,500.00, and this appeal followed.

The general breakdown of plaintiffs' counsel's fees requested is as follows:

their duties in their representation of their clients, and in so doing are "entitled to the reasonable, agreed-upon compensation *without regard to the actual benefit the services might have been to the client." Fell v. Rambo,* 36 S.W.3d 837, 852 (Tenn. Ct.App.2000) (emphasis added). The "determination of reasonable attorneys' fees and costs is necessarily a discretionary

---

**1.** This Judgment was reduced by our Court on the first appeal to $1,566.80.

inquiry" by the Trial Court, to which the appellate courts will defer, absent an abuse of discretion. *Killingsworth v. Ted Russell Ford,* 104 S.W.3d 530, 534 (Tenn.Ct. App.2002). A Court abuses its discretion when it "either applie[s] an incorrect legal standard or reache[s] a clearly unreasonable decision, thereby causing an injustice to the aggrieved party." *Kline v. Eyrich,* 69 S.W.3d 197, 204, 209 (Tenn.2002).

■ The Tennessee Supreme Court has directed that when deciding attorney fees the trial courts should consider the guidelines as delineated in *Connors v. Connors,* 594 S.W.2d 672, 677 (Tenn.1980), and also to the factors listed in S.Ct. Rule 8, D.R. 2–106. The *Connors* guidelines are: the time devoted to performing the legal service; the time limitations imposed by the circumstances; the novelty and difficulty of the questions involved; the skill requisite to perform the legal service properly; the fee customarily charged in the locality for similar services; the amount involved and the results obtained; the experience, reputation, and ability of the lawyer performing the legal service. *Connors,* 594 S.W.2d at 676.

■ The Tennessee Code of Professional Responsibility D.R. 2–106(B)[2] lists similar criteria, though not identical to the *Connors* guidelines:

(B) ... Factors to be considered as guides in determining the reasonableness of a fee include the following:

(1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) The fee customarily charged in the locality for similar legal services;

(4) The amount involved and the results obtained;

(5) The time limitations imposed by the client or by the circumstances;

(6) The nature and length of the professional relationship with the client;

(7) The experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) Whether the fee is fixed or contingent.

Ultimately, the reasonableness of an attorney's fee will depend upon the particular circumstances of the individual case, as considered in light of the relevant guidelines. *White v. McBride,* 937 S.W.2d 796, 800 (Tenn.1996). "A fee is excessive if 'after review of the facts, a lawyer of ordinary prudence would be left with a definite and firm conviction that the fee is in excess of a reasonable fee'". *Fell,* 36 S.W.3d at 852, *quoting* Tenn. S.Ct. R. 8, DR 2–106(B); *In re Davis's Estate,* 719 S.W.2d 526, 528 (Tenn.Ct.App.1986).

■ The genesis of the reported state and federal case law regarding shifting attorneys' fees arises from the Civil Rights Attorney's Fees Awards Act of 1976 and 1988, 42 U.S.C. § 1988(b) (1994). A party is considered "prevailing" for purposes of the civil rights statutes upon proving any constitutional violation, even one entitling the party to only nominal damages or minimal relief. *See, Farrar v. Hobby,* 506 U.S. 103, 115, 113 S.Ct. 566, 573, 121 L.Ed.2d 494 (1992). Tennessee courts have consistently held that the policy rationale underpinning the civil rights statutes' fee shifting provisions are likewise applicable to cases arising under the Consumer Protection Act. *See Adkinson v. Harpeth Ford–Mercury, Inc.,* 1991 WL 17177

**2.** Tennessee had not adopted the Model Code at the time this appeal was decided.

(Tenn.Ct.App.1991); *Keith v. Howerton,* 2002 WL 31840683 at *3 (Tenn.Ct.App. 2002).

■ When a plaintiff prevails in either a civil rights or consumer protection claim, his counsel will ordinarily be entitled to full compensation for time and effort expended in the representation. *Hensley v. Eckerhart,* 461 U.S. 424, 435, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).

■ The *Hensley* Court opined that no "precise formula" exists for determining a reasonable fee, but it also specifically rejected a "mathematical approach" that simply compares the number of issues on which the plaintiff prevailed to the total number of issues overall in dispute. *Hensley,* 461 U.S. at 435 n. 11, 103 S.Ct. 1933. Also, if only a partial or limited success is achieved, a fee determined by the calculation of hours multiplied by an hourly rate could be excessive. *Id.* at 434–436, 103 S.Ct. 1933.

While the Trial Court in this case advanced several reasons for the award of attorneys' fees, it is clear that a proportionality rationale governed the Trial Court's arriving at the amount of fee.

The seminal case on the proportionality issue is *City of Riverside v. Rivera,* 477 U.S. 561, 576–578, 106 S.Ct. 2686, 2695–96, 91 L.Ed.2d 466 (1986). In *Riverside,* the prevailing plaintiffs recovered a judgment of $33,350.00. The Supreme Court affirmed the district court's award of the full amount of attorney's fees of $245,000.00 despite the enormous disparity:

> A rule that limits attorney's fees in civil rights cases to a proportion of the damages awarded would seriously undermine Congress' purpose in enacting § 1988 ... because ... the private market for legal services fail[s] to provide many victims of civil rights violations with *effective access to the judicial pro-*

*cess.* ... These victims ordinarily cannot afford to purchase legal services at the rates set by the private market.

> \* \* \* \* \* \*

> Moreover, the contingent fee arrangements that make legal services available to many victims of personal injuries would often not encourage lawyers to accept civil rights cases, *which frequently involve substantial expenditures of time and effort but produce only small monetary recoveries.*

> \* \* \* \* \* \*

> A rule of proportionality would make it difficult, if not impossible for individuals with meritorious civil rights claims but *relatively small potential damages* to obtain redress from the courts.... Congress recognized that private-sector fee arrangements were inadequate to ensure *sufficiently vigorous enforcement* of civil rights. In order to ensure that lawyers would be willing to represent persons with legitimate civil rights grievances, Congress determined that it would be necessary to compensate lawyers for all time reasonably expended on a case. (emphases added).

Applying *Riverside,* the Sixth Circuit held that it is appropriate to examine the relationship between the degree of success and the amount of a fee requested, concluding that fee awards should not be reduced by the ratio of successful claims to the total claims advanced. *Phelan v. Bell,* 8 F.3d 369, 373 (Sixth Cir.1993). *Accord: Blaylock v. Johns Hopkins Federal Credit Union,* 152 Md.App. 338, 831 A.2d 1120 (2003); *Jordan v. Transnational Motors, Inc.,* 212 Mich.App. 94, 537 N.W.2d 471, 474 (1995); *Bittner v. Tri–County Toyota, Inc.,* 58 Ohio St.3d 143, 569 N.E.2d 464 (1991).

In the second appeal of this case, Judge Susano's Opinion firmly embraces the ra-

tionale in *Riverside,* unequivocally rejecting the proportionality reasoning relied upon by the Trial Court in this case:

> In determining the amount of fees and expenses to award, the issue is *not* how the fees requested compare to the amounts eventually awarded to the plaintiffs; rather, the issue is how the requested fees and expense measure up under DR 2–106 and the applicable case law. Relying on the language of the United States Supreme Court, we have observed that the purpose behind the allowance of attorney's fees in the Act is to encourage attorneys to take these sorts of cases where the recovery may be small and the amount of time expended may be great.
>
> ✳ ✳ ✳ ✳ ✳ ✳
>
> In an attempt to discourage these practices and to insure that such practices are rectified when they do exist, the General Assembly sought to encourage legal representation of injured parties, regardless of the amounts of their claims. This objective would be thwarted, especially with respect to small claims if the proportionality approach were to be adopted. We hold that such an approach is contrary to the public policy embodied in the Act.

*Keith v. Howerton,* 2002 WL 31840683 ✳7.

 The factors weighing in defendants' favor under the Tennessee Code of Professional Responsibility, D.R. 2–106(B) include the amount involved and the results obtained and somewhat unique to this case was the number of hours expended by plaintiffs' counsel to obtain reasonable attorneys' fees.

Plaintiffs' counsel provided time records and affidavits of expert opinion, and it is fair to conclude that these experts would have considered the Trial Court's fee award unreasonable. Moreover, defendants introduced no countervailing evidence to show the requested fees were unreasonable.

 The Tennessee Consumer Protection Act is to be liberally construed to protect consumers and others from those engaged in deceptive acts or practices. *Morris v. Mack's Used Cars,* 824 S.W.2d 538 (Tenn.1992); *Ganzevoort v. Russell,* 949 S.W.2d 293, 297 (Tenn.1997). As Judge Susano noted in the prior appeal, and the *City of Riverside* makes clear, the rule of proportionality would make it difficult, if not impossible, for individuals with meritorious claims but relatively small potential of damages to obtain redress from the courts without the attorneys for such parties to be reasonably compensated for their legal services in obtaining the relief sought.

We have carefully reviewed the evidence presented in this case and applying case law and the factors set forth in the Tennessee Code of Professional Responsibility, D.R. 2–106(B), we conclude that plaintiffs' counsel is entitled to a reasonable fee in the amount of $18,000.00 together with costs.

For the foregoing reasons, we modify the award of attorneys' fees made by the Trial Judge and remand with the cost of the appeal assessed to the defendants.