IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
May 18, 2015 Session

## JOHN S. TAYLOR v. TIMOTHY L. CLOUD

**Appeal from the Chancery Court for Sullivan County**
**No. K0039354(B)      R. Jerry Beck, Judge**

_____

**No. E2014-02223-COA-R3-CV – Filed July 29, 2015**

_____

In this action seeking to enforce a judgment lien against the debtor's real property, the debtor claimed that he was not properly served with process in the underlying lawsuit wherein the judgment was entered. The trial court granted summary judgment to the creditor, and the debtor appealed. We affirm the trial court's grant of summary judgment based on the validity of the underlying judgment, determining that such judgment was not void on its face and thus not subject to collateral attack. We reverse the issue of whether the creditor should have been granted an award of attorney's fees at trial pursuant to the parties' fee agreement and remand for specific findings by the trial court. We decline to award attorney's fees to the creditor incurred in defending this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Affirmed in Part, Reversed in Part; Case Remanded**

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., C.J., and D. MICHAEL SWINEY, J., joined.

Timothy L. Cloud, Cape Coral, Florida, Pro Se.

John S. Taylor, Jonesborough, Tennessee, Pro Se.

## OPINION

### I. Factual and Procedural Background

The plaintiff, John S. Taylor, filed suit against the defendant, Timothy L. Cloud, in the Chancery Court for Sullivan County, seeking to enforce a judgment lien. Mr. Taylor is a practicing attorney in Jonesborough who formerly represented Mr. Cloud in a divorce action. Following his representation of Mr. Cloud, Mr. Taylor filed suit in the Washington County General Sessions Court to collect unpaid attorney's fees pursuant to

the parties' fee agreement. The civil summons in the Washington County action shows that it was served upon Mr. Cloud at his Florida address via certified mail, return receipt requested, on March 27, 2011. On April 26, 2011, the Washington County General Sessions Court granted a default judgment in Mr. Taylor's favor in the amount of $10,538.97, plus post-judgment interest at the rate of ten percent, and court costs.

Mr. Taylor filed the instant action on April 23, 2014, seeking to enforce his judgment lien against real property owned by Mr. Cloud in Sullivan County. According to Mr. Taylor, he was unable to locate any personal property belonging to Mr. Cloud. He thus sought to attach Mr. Cloud's real property and have it sold to satisfy his judgment lien granted pursuant to Tennessee Code Annotated § 25-5-101. A writ of attachment was concomitantly entered by the trial court.

On May 22, 2014, Mr. Cloud filed a *pro se* answer to the complaint, stating, *inter alia*, that he wished to defend the action and have his day in court. Mr. Taylor subsequently filed a motion seeking a default judgment or judgment on the pleadings, asserting that Mr. Cloud was properly served via certified mail but failed to file an appropriate responsive pleading. Mr. Taylor alternatively asserted that summary judgment should be granted to him based on the enforceability of the underlying judgment. Mr. Cloud filed a response, contending that there were genuine issues of material fact regarding the validity of service of process and the amount of the judgment.

The trial court conducted a hearing on September 30, 2014, regarding Mr. Taylor's dispositive motions. Appearing as a self-represented litigant, Mr. Cloud maintained that although he had recently been served with papers filed in the instant action at his home address of 1424 Wilshire Court in Cape Coral, Florida, he had not received any mailings regarding the prior Washington County lawsuit sent to that address in 2011. Mr. Cloud acknowledged that this was his correct home address. He represented, however, that due to his extensive travel, he maintained a "UPS store address" of 1217 Cape Coral Parkway for receiving mail. Mr. Cloud stated that the agents at the UPS address were authorized to accept and sign for any mailings sent to him.

Mr. Cloud admitted that he had signed a fee agreement with Mr. Taylor and that he knew he owed unpaid legal fees. When questioned by the trial court regarding the validity of the underlying judgment, Mr. Cloud admitted that the underlying judgment was "legal" and that his only dispute was with the sale of his real property to satisfy the judgment. Upon further questioning, however, Mr. Cloud stated:

> Well, sir, the fact of it is he does have a legal judgment back in 2011. But he did it illegally, I think. He did not send it to my last known

2

address. And if I had gotten that address—if I'd gotten his letter to appear in court in 2011, which was sent to my last known address, which is a UPS store where they sign for my name—I give them permission to sign my name to everything. But instead he sent it to my home address, which I don't have mail there. And he knows I work out of town a lot and it came back unclaimed. So this recent—this recent summons to appear was sent to my house and I just happened to be at home or I wouldn't have found out about that either.

Mr. Cloud further related that he believed the amount of the judgment was excessive.

Following the presentation of oral arguments, the trial court granted Mr. Taylor's motion for summary judgment and asked Mr. Taylor to prepare an order. An order granting summary judgment was subsequently entered on October 10, 2014. The order recites that Mr. Taylor had a valid underlying judgment against Mr. Cloud. The order also contains findings of fact, as paraphrased below:

1. There are no genuine issues of material fact, and Mr. Taylor is entitled to judgment as a matter of law.

2. The underlying judgment was properly recorded in Sullivan County, thus constituting a judgment lien on Mr. Cloud's real property pursuant to Tennessee Code Annotated § 25-5-101.

3. Mr. Taylor tried to execute on Mr. Cloud's personal property but none was found.

4. Mr. Taylor properly and timely filed his complaint to sell real property to enforce his judgment lien and properly attached Mr. Cloud's property located at 553 Brookhaven Drive in Kingsport.

5. All documents in this action were properly served upon Mr. Cloud.

6. The court cannot alter the terms or amount of the underlying judgment or interest rate despite Mr. Cloud's request, such terms and amounts having been set and solely modifiable by the rendering court, Washington County General Sessions Court.

The trial court granted a judgment in favor of Mr. Taylor in the amount of $14,630.26, which represented the amount of the original judgment plus interest through the date of the hearing. The court declined to award Mr. Taylor his attorney's fees

incurred in this action. The court further ordered the property at 553 Brookhaven Drive sold to satisfy the judgment and assessed court costs to Mr. Cloud. Mr. Cloud timely appealed.

## II. Issues Presented

Mr. Cloud presents the following issues for review, which we have restated slightly:

1. Whether the trial court erred in granting Mr. Taylor's motion for summary judgment.

2. Whether the order granting summary judgment accurately reflects the reasoning and decision of the trial court.

3. Whether the order granting summary judgment was properly entered pursuant to Tennessee Rule of Civil Procedure 58.

Mr. Taylor presents the following additional issues:

4. Whether the trial court erred by denying Mr. Taylor's request for attorney's fees in this action.

5. Whether this appeal is frivolous and should result in an award of attorney's fees to Mr. Taylor on appeal.

## III. Standard of Review

For actions initiated on or after July 1, 2011, such as the one at bar, the standard of review for summary judgment delineated in Tennessee Code Annotated § 20-16-101 (Supp. 2014) applies. *See Sykes v. Chattanooga Hous. Auth.*, 343 S.W.3d 18, 25 n.2 (Tenn. 2011). The statute provides:

In motions for summary judgment in any civil action in Tennessee, the moving party who does not bear the burden of proof at trial shall prevail on its motion for summary judgment if it:

(1) Submits affirmative evidence that negates an essential element of the nonmoving party's claim; or

(2) Demonstrates to the court that the nonmoving party's evidence is

4

insufficient to establish an essential element of the nonmoving party's claim.

Tenn. Code Ann. § 20-16-101.[1] The grant or denial of a motion for summary judgment is a matter of law; therefore, our standard of review is *de novo* with no presumption of correctness. *Dick Broad. Co., Inc. of Tenn. v. Oak Ridge FM, Inc.*, 395 S.W.3d 653, 671 (Tenn. 2013) (citing *Kinsler v. Berkline, LLC*, 320 S.W.3d 796, 799 (Tenn. 2010)). "A summary judgment is appropriate only when the moving party can demonstrate that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law." *Dick Broad. Co.*, 395 S.W.3d at 671 (citing Tenn. R. Civ. P. 56.04; *Hannan v. Alltel Publ'g Co.*, 270 S.W.3d 1, 5 (Tenn. 2008)). Pursuant to Tennessee Rule of Civil Procedure 56.04, the trial court must "state the legal grounds upon which the court denies or grants the motion" for summary judgment, and our Supreme Court has recently instructed that the trial court must state these grounds "before it invites or requests the prevailing party to draft a proposed order." *Smith v. UHS of Lakeside, Inc.*, 439 S.W.3d 303, 316 (Tenn. 2014).

In reviewing pleadings, we "must give effect to the substance, rather than the form or terminology of a pleading." *Stewart v. Schofield*, 368 S.W.3d 457, 463 (Tenn. 2012) (citing *Abshure v. Methodist Healthcare–Memphis Hosp.*, 325 S.W.3d 98, 104 (Tenn. 2010)). We note also that pleadings "prepared by pro se litigants untrained in the law should be measured by less stringent standards than those applied to pleadings prepared by lawyers." *Stewart*, 368 S.W.3d at 463 (citing *Carter v. Bell*, 279 S.W.3d 560, 568 (Tenn. 2009); *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003); *Young v. Barrow*, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003)). Parties proceeding without benefit

---

[1]As this Court has explained:

> Section 20-16-101 was enacted to abrogate the summary-judgment standard set forth in *Hannan* [*v. Alltel Publ'g Co.*, 270 S.W.3d 1, 5 (Tenn. 2008)], which permitted a trial court to grant summary judgment only if the moving party could either (1) affirmatively negate an essential element of the nonmoving party's claim or (2) show that the nonmoving party cannot prove an essential element of the claim at trial. *Hannan*, 270 S.W.3d at 5. The statute is intended "to return the summary judgment burden-shifting analytical framework to that which existed prior to *Hannan*, reinstating the 'put up or shut up' standard." *Coleman v. S. Tenn. Oil Inc.*, No. M2011-01329-COA-R3-CV, 2012 WL 2628617, at *5 n.3 (Tenn. Ct. App. July 5, 2012).

*Walker v. Bradley County Gov't*, No. E2013-01053-COA-R3-CV, 2014 WL 1493193 at *3 n.3 (Tenn. Ct. App. Apr. 15, 2014). *See also Sykes*, 343 S.W.3d at 25 n.2.

of counsel are "entitled to fair and equal treatment by the courts," but we "must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe." *Hessmer v. Hessmer*, 138 S.W.3d at 903.

### IV. Propriety of Grant of Summary Judgment

Mr. Cloud asserts that the trial court erred in granting summary judgment to Mr. Taylor because there were genuine issues of material fact remaining. By way of example, Mr. Cloud contends that he was never properly served with process in the underlying action in Washington County General Sessions Court.[2] He also disputes the monetary amount of the judgment. Mr. Taylor contends, however, that the underlying judgment is valid and cannot be collaterally attacked in this lawsuit.

As our Supreme Court has elucidated:

> If an action or proceeding is brought for the very purpose of impeaching or overturning a judgment, it is a direct attack upon it . . . . On the other hand, if the action or proceeding has an independent purpose and contemplates some other relief or result, although the overturning of the judgment may be important, or even necessary to its success, then the attack upon the judgment is collateral.

*Gentry v. Gentry*, 924 S.W.2d 678, 680 n.3 (Tenn. 1996) (quoting *Turner v. Bell*, 279 S.W.2d 71, 75 (Tenn. 1955)). In the present action, Mr. Cloud seeks to dispute the validity of a prior judgment rendered by the Washington County General Sessions Court, which action constitutes a collateral attack upon that judgment.

Only a void judgment may be collaterally attacked in another forum. *See Gentry*, 924 S.W.2d at 680 ("All decrees not thus appearing on their face to be void are absolutely proof against collateral attack, and no parol proof is admissible on such an attack to show any defect in the proceedings, or in the decree."). A void judgment is a judgment that is "<u>invalid on its face</u> because the issuing court either lacked subject matter or personal jurisdiction over the proceedings, or the judgment itself was outside of the pleadings." *Hood v. Jenkins*, 432 S.W.3d 814, 825 (Tenn. 2013) (emphasis added). Further, as this Court has elucidated, "[f]ailure to adhere to the Tennessee Rules of Civil Procedure" will

---

[2] To the extent that Mr. Cloud's brief could be construed to assert that he was not properly served with process in the present lawsuit, this argument is without merit because (1) Mr. Cloud conceded that he was properly served with process at the trial court hearing, and (2) Mr. Cloud waived any defects regarding service of process by entering a general appearance. *See Dixie Sav. Stores, Inc. v. Turner*, 767 S.W.2d 408, 410 (Tenn. Ct. App. 1988).

"result in a void judgment, when the deficiency is evident from the <u>face of the record</u>." *Turner v. Turner*, No. W2013-01833-COA-R3-CV, 2014 WL 3057320 at \*6 (Tenn. Ct. App. July 7, 2014), *perm. app. granted* Nov. 20, 2014 (emphasis added).

In the case at bar, the record reflects that Mr. Taylor filed an action seeking to collect unpaid attorney's fees in the Washington County General Sessions Court. The face of the judgment demonstrates that service of process was completed upon Mr. Cloud via "certified return receipt mail on 3/27/11." We note that such method of service is permitted upon an out-of-state defendant pursuant to Tennessee Code Annotated §§ 16-15-901, -904 (2009) (providing that service of process in general sessions court may be completed upon a defendant outside of the state by certified or registered mail). The Washington County General Sessions Court entered a default judgment against Mr. Cloud on April 26, 2011, in the amount of $10,538.97.

When tested according to the above standard regarding void judgments, this judgment is not subject to collateral attack because it is not invalid on its face. The judgment does not demonstrate that the issuing court lacked subject matter or personal jurisdiction, and the judgment was not outside the pleadings. *See Hood*, 432 S.W.3d at 825. Rather, we note that: (1) the general sessions court clearly has jurisdiction of actions to collect a debt of this amount; (2) service of process was properly completed according to the record, bringing Mr. Cloud within the jurisdiction of the court; and (3) the judgment was exactly the type of relief sought by the pleadings. Because this judgment is not void, it is not subject to collateral attack in a separate lawsuit. Therefore, the trial court properly granted summary judgment to Mr. Taylor based on the validity and enforceability of the underlying judgment.

## V. Propriety of Summary Judgment Order

Mr. Cloud posits that the trial court's order granting summary judgment violates the Supreme Court's directive issued in *Smith v. UHS of Lakeside, Inc.*, 439 S.W.3d at 316 (holding that pursuant to Tennessee Rule of Civil Procedure 56.04, the trial court must "state the legal grounds upon which the court denies or grants the motion" for summary judgment and that the trial court must state these grounds "before it invites or requests the prevailing party to draft a proposed order.") Mr. Cloud asserts that the trial court did not state the legal grounds for granting the summary judgment motion before inviting Mr. Taylor to draft the order. Although we agree with Mr. Cloud regarding that assertion, we determine such error to be harmless in this instance.

At the hearing on Mr. Taylor's motion, the trial court considered argument from both parties. The following exchange then occurred:

THE COURT: I'm going to grant a judgment for $14,630.26. I'm going to grant your motion, Mr. Taylor. If you'll prepare an order. Have you got an order prepared?

MR. TAYLOR: I usually like to do that but I just really wasn't sure how this was going so I did not bring one with me.

THE COURT: All right.

MR. TAYLOR: Your Honor, would the order contain language that provides for the usual details of the court ordered sale of property?

THE COURT: That's the only—that's what you're requesting, isn't it?

MR. TAYLOR: That was the crux of the complaint.

THE COURT: That's the only remedy you have, isn't it?

MR. TAYLOR: That's right. That's right, so –

THE COURT: The judgment is on file.

MR. TAYLOR: Okay. I'll go ahead and prepare the order in conformity with the complaint and the relief requested.


Although the trial court did not specifically state the grounds upon which it based its grant of summary judgment before inviting Mr. Taylor to draft the order, we determine that this failure was harmless. *See Smith*, 439 S.W.3d at 314. As our Supreme Court instructed in *Smith*:

We readily agree that judicial economy supports the Court of Appeals' approach to the enforcement of Tenn. R. Civ. P. 56.04 in proper circumstances when the absence of stated grounds in the trial court's order does not significantly hamper the review of the trial court's decision. However, in the future, the resolution of issues relating to a trial court's compliance or lack of compliance with Tenn. R. Civ. P. 56.04 should also take into consideration the fundamental importance of assuring that a trial court's decision either to grant or deny a summary judgment is adequately explained and is the product of the trial court's independent judgment.

8

*Id.* at 314 (emphasis added). In the case at bar, our review of the hearing transcript clearly discloses that the order granting summary judgment was the product of the court's independent judgment and was based upon the underlying "judgment" "on file." We also determine that the enforcement of this order is proper and that the absence of specifically stated grounds does not hamper our review in this instance. We therefore conclude that Mr. Cloud is not entitled to relief on this issue.

## VI. Entry of Order

Mr. Cloud also contends that the order granting summary judgment was invalidly entered pursuant to Tennessee Rule of Civil Procedure 58. Rule 58 states that entry of an order is effective when a judgment is filed containing either (1) the signature of the judge and all parties, (2) the signature of the judge and one party with a certificate demonstrating that a copy was served on other parties, or (3) the signature of the judge and a certificate of the clerk showing that a copy was served on all parties. Mr. Cloud asserts that neither Mr. Taylor nor the clerk sent him a copy of the order, such that the requirements of Rule 58 were not satisfied. A review of the record, however, demonstrates that the order contains the signature of the judge and Mr. Taylor, along with a certificate of service showing that the court clerk sent Mr. Cloud a copy. We therefore determine this issue to be without merit.

## VII. Award of Attorney's Fees at Trial and on Appeal

Mr. Taylor posits that the trial court erred in denying his request for attorney's fees at trial, pursuant to the parties' fee agreement. The fee agreement contains the following provision:

> [Mr. Cloud] understands that in the event of nonpayment of any invoices of Law Firm, Law Firm may institute an action for collection. In such event, [Mr. Cloud] agrees to pay all costs of collection, which costs may include court costs and reasonable attorney's fees, in addition to the amount of the invoice and any applicable interest.

The trial court made no specific findings regarding attorney's fees at the hearing, other than to award only the monetary amount attributable to the original judgment plus post-judgment interest. The written order entered by the court simply states that the court "declines to award" such fees.

As this Court has previously stated:

In the absence of an agreement between the parties, the decision of whether to award attorney's fees in a divorce or post-divorce proceeding is largely in the discretion of the trial court, and we will not interfere on appeal except upon a clear showing of abuse of that discretion. *Hogan v. Yarbro*, No. 02A01-9905-CH-00119, 1999 WL 1097983, at \*4 (Tenn. Ct. App. W.S. Oct. 5, 1999) (citing *Aaron v. Aaron*, 909 S.W.2d 408, 411 (Tenn. 1995)). However, where [an] agreement contains a provision governing the payment of attorney's fees, the interpretation of that provision is a matter of law that we review de novo. *Id.* The language of a fee provision is subject to the usual rules of contract interpretation, and the award of such fees is limited to the situation agreed to by the parties. *Segneri v. Miller*, No. M2003-01014-COA-R3-CV, 2004 WL 2357996, at \*6 (Tenn. Ct. App. Oct. 19, 2004). When the contract provides for the recovery of attorney's fees in a certain situation, the trial court has no discretion regarding whether to award attorney's fees or not. *Seals v. Life Investors Ins. Co. of America*, No. M2002-01753-COA-R3-CV, 2003 WL 23093844, at \*4 (Tenn. Ct. App. Dec. 30, 2003) (citing *Hosier v. Crye-Leike Commercial, Inc.*, No. M2000-01182-COA-R3-CV, 2001 WL 799740, at \*6 (Tenn. Ct. App. July 17, 2001)). Determining the reasonableness of the amount of an attorney's fee is a discretionary inquiry by the trial court, however, to which appellate courts will defer, absent an abuse of discretion. *Keith v. Howerton*, 165 S.W.3d 248, 250-51 (Tenn. Ct. App. 2004) (citing *Killingsworth v. Ted Russell Ford*, 104 S.W.3d 530, 534 (Tenn. Ct. App. 2002)).

*Moore v. Moore*, No. M2004-00394-COA-R3-CV, 2007 WL 2456694 at \*4 (Tenn. Ct. App. Aug. 29, 2007). *See also Grisham v. Grisham*, No. W2010-00618-COA-R3-CV, 2011 WL 607377 at \*11 (Tenn. Ct. App. Feb. 22, 2011); *Hogan v. Yarbro*, No. 02A01-9905-CH-00119, 1999 WL 1097983 at \*3-5 (Tenn. Ct. App. Oct. 5, 1999).

The parties' fee agreement herein provided that "in the event of nonpayment of any invoices of Law Firm, Law Firm may institute an action for collection. In such event, [Mr. Cloud] agrees to pay all costs of collection, which costs may include court costs and reasonable attorney's fees . . . ." The trial court, however, made no specific findings regarding the interpretation of this fee agreement. Thus, the record is unclear regarding whether the trial court found that the fee agreement would not apply in this instance, whether the trial court found that the amount of fees sought were unreasonable, or whether the trial court simply elected not to enforce the agreement. Based on the above precedent, we conclude that it is necessary to remand this issue to the trial court for specific findings regarding the applicability and interpretation of the parties' fee agreement. *See Dorrier v. Dark*, 537 S.W.2d 888, 890 (Tenn. 1976) ("This is a court of

appeals and errors, and we are limited in authority to the adjudication of issues that are presented and decided in the trial courts . . . .")

Mr. Taylor also requests an award of fees on appeal because he argues that this appeal is frivolous pursuant to Tennessee Code Annotated § 27-1-122. As this Court has previously explained:

> Parties should not be forced to bear the cost and vexation of baseless appeals. Accordingly, in 1975, the Tennessee General Assembly enacted Tenn. Code Ann. § 27-1-122 to enable appellate courts to award damages against parties whose appeals are frivolous or are brought solely for the purpose of delay. Determining whether to award these damages is a discretionary decision.
>
> A frivolous appeal is one that is devoid of merit, or one that has no reasonable chance of succeeding. Thus, an appeal in which the reviewing court's ability to address the issues raised is undermined by the appellant's failure to provide an adequate record is deemed frivolous because it has no reasonable chance of succeeding.

*Young v. Barrow*, 130 S.W.3d 59, 66-67 (Tenn. Ct. App. 2003) (internal citations omitted). In our discretion, we decline to award Mr. Taylor attorney's fees incurred in defending this appeal. We do not find this appeal to be so devoid of merit as to be frivolous, nor do we find that it was brought solely for purposes of delay. Mr. Taylor's request for fees on appeal is hereby denied.

## VIII. Conclusion

For the reasons stated above, we affirm the trial court's award of summary judgment to Mr. Taylor. We reverse the issue of whether Mr. Taylor should have been granted an award of attorney's fees at trial pursuant to the parties' fee agreement and remand for specific findings by the trial court. Mr. Taylor's request for an award of attorney's fees on appeal is denied. Costs on appeal are assessed to the appellant, Timothy L. Cloud. This case is remanded to the trial court, pursuant to applicable law, for collection of costs assessed below.

_____
THOMAS R. FRIERSON, II, JUDGE