# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
June 22, 2016 Session

## MUKTA PANDA v. NILADRI PANDA

**Appeal from the Circuit Court for Rhea County**
**No. 2011-CV-188     Justin C. Angel, Judge**

_____

### No. E2015-01911-COA-R3-CV-FILED-AUGUST 19, 2016

_____

This post-divorce appeal concerns the wife's request for attorney fees based upon the husband's failure to comply with the requirements of the marital dissolution agreement. The trial court denied the request, finding that attorney fees were not warranted when the husband had not acted in contempt of the court's orders. The wife appeals the court's denial of attorney fees and also requests attorney fees on appeal. We reverse and also award attorney fees on appeal pursuant to the marital dissolution agreement.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
Reversed; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the Court, in which D. MICHAEL SWINEY, C.J. and ARNOLD B. GOLDIN, J., joined.

Charles Paty (argued before the Court), Chattanooga, Tennessee, for the appellant, Mukta Panda.

Selma Cash Paty[1] (submitted brief), Chattanooga, Tennessee, for the appellant, Mukta Panda.

Carol Ann Barron, Dayton, Tennessee, for the appellee, Niladri Panda.

## OPINION

## I.     BACKGROUND

Mukta Panda ("Wife") and Niladri Panda ("Husband") were married in December 1984. Two children, who have since attained the age of majority, were born of the

_____

[1] Selma Cash Paty passed while this case was pending in this Court.

marriage. After approximately 26 years of marriage, Wife filed a complaint for divorce. Husband and Wife (collectively "the Parties") were divorced by order of the court on April 5, 2012. A marital dissolution agreement ("MDA") was incorporated into the final decree. The MDA addressed the division of the assets and debt accumulated during the marriage, including bank accounts, timeshares, the marital residence, and a medical building. Pursuant to the MDA, the Parties agreed to sell the marital residence and divide the proceeds, while Husband agreed to refinance the medical building and assume the outstanding debt on the building once the marital residence sold. The MDA further provided as follows:

> The [P]arties shall each pay one-half of the mortgage payments, insurance and utilities commencing January 12, 2012 until the property is sold. A prior order was entered on January 8, 2012 whereby Husband agreed that he would make certain repairs to the property, which order remains in effect. The net proceeds of sale, after paying [the] note secured by a deed of trust, the real estate commission and closing costs shall be divided equally between the [P]arties. In the event that the proceeds of sale are not sufficient to pay the note secured by deed of trust on said property, the real estate commission and closing costs, each party shall pay one-half of the deficiency.

> * * *

> Each of the parties shall execute such documents as are necessary to effectuate this agreement. In the event either party fails to execute a document when requested to do so, on motion of the other party, the Court shall order the Clerk of this Court to execute such documents on behalf of the defaulting party.

> In the event either party defaults in the performance of the provisions of this agreement and the other party is required to file an action to enforce the agreement and compel performance, the defaulting party will pay the attorney's fees incurred by the other party.

Additionally, Wife received financial accounts jointly held at First Tennessee Bank and Barclay Bank, as well as a Hilton Grand Vacation Time Share.

The Parties' efforts to sell the marital residence proved unsuccessful. Meanwhile, the Parties expended money to maintain the residence and prepare it for sale. On October 12, 2012, Wife filed a complaint and petition for contempt, alleging, inter alia, that Husband failed to reimburse her for one-half of the mortgage payments, insurance, and

utilities; that he failed to make the necessary repairs to the marital residence and/or list the residence at a reasonable price without the repairs; that he failed to execute documents necessary to transfer title to the timeshare; and that he withdrew the money from Barclay Bank that had been awarded to her. Wife requested attorney fees. Husband countered that he also expended money to maintain the property. An agreed order was entered on December 10, 2012, resolving all but the issue of the expenditures made by both parties to maintain the property.

Thereafter, Wife filed a motion on June 5, 2013, and an amended motion on June 29, 2013, requesting permission to allow Pam Wilson, a realtor employed by Crye-Leike, to negotiate the sale of the marital residence. She alleged that Husband would not agree upon a reasonable sale price and refused to participate in the negotiation process. She further claimed that he was no longer remitting payment for his portion of the mortgage payments and that he had also discontinued payment for lawn service and utilities. The court entered an order directing Husband to accept or reject any future offers within three days and file proof of his rejection with the court. The court reserved ruling upon issues pertaining to the "payment of the mortgage, insurance, taxes, lawn care and upkeep and repairs . . . , payment of attorney's fees and costs and [Husband's] liability for any loss sustained by reason of [his] refusal" to participate in the negotiation process.

The case proceeded to a hearing on the remaining issues, after which the court concluded that Wife was entitled to a judgment in the amount of $1,501.49. The court also ordered the property to be sold at auction and directed the Parties to either agree upon an auctioneer or submit three auction companies for the court's selection. The court ordered the Parties to continue payment for one-half of the mortgage payments, insurance, utilities, taxes, maintenance and repairs but reserved ruling upon the issue of attorney fees and court costs pending the sale of the marital residence.

Husband filed a motion to alter or amend, alleging that he was entitled to a credit for carpeting and cleaning the marital residence. Meanwhile, the marital residence sold on August 1, 2014. On November 4, 2014, Wife filed another complaint and petition for contempt, alleging that Husband failed to refinance the medical building as agreed, had failed to remit payment pursuant to the court's prior judgment, and also owed her an additional $8,226.59. Husband refinanced the medical building in February 2015.

The case proceeded to a bench trial on Husband's motion to alter or amend before the Honorable Justin C. Angel.[2] The Parties testified as to their respective expenditures. Moreover, Husband blamed his delay in refinancing on the holiday season and his admitted failure to procure his most recent federal income tax return. Wife also testified

---

[2] The Honorable Buddy Perry's term expired on August 31, 2014.

concerning Husband's repeated refusal to follow the provisions of the MDA. She asserted that his failure to refinance affected her finances and emotional stability.

The court concluded that Wife was entitled to a judgment in the amount of $3,884.73 for her maintenance of the marital residence. However, the court denied Wife's request for attorney fees based upon its finding that Husband's actions were not contemptuous. Wife filed a motion to alter or amend, requesting a definitive ruling on her request for attorney fees pursuant to the provisions of the MDA. In denying the motion to alter or amend, the court stated as follows:

> I find that [the Parties] are sophisticated, professional individuals. They're both doctors in medicine. They both have substantial incomes. They both have the ability to pay their own attorney. [Wife's counsel] testified that her attorney's fees have already been paid. And the issue of attorney's fees [is] in the sound discretion of the trial court to award. And if – and if there is a finding of contempt, that I can award those, but there's no finding of contempt.
>
> Furthermore, there may be language in [the MDA concerning the issue of attorney's fees] if somebody has to initiate an action to enforce the [MDA]. But by the time we came to court, there was nothing to enforce because everything had been complied with.

Wife filed this timely appeal.

## II. ISSUES

We consolidate and restate the issues on appeal as follows:

A. Whether the court erred in denying Wife's request for attorney fees.

B. Whether either party is entitled to attorney fees on appeal.

## III. STANDARD OF REVIEW

On appeal, the factual findings of the trial court are accorded a presumption of correctness and will not be overturned unless the evidence preponderates against them. *See* Tenn. R. App. P. 13(d). The trial court's conclusions of law are subject to a de novo review with no presumption of correctness. *Blackburn v. Blackburn*, 270 S.W.3d 42, 47 (Tenn. 2008); *Union Carbide Corp. v. Huddleston,* 854 S.W.2d 87, 91 (Tenn. 1993).

In Tennessee, a marital dissolution agreement incorporated into a final decree of divorce "is a contract which is binding on the parties and as such it is 'subject to the rules governing construction of contracts.'" *Johnson v. Johnson,* 37 S.W.3d 892, 896 (Tenn. 2001); *Honeycutt v. Honeycutt,* 152 S.W.3d 556, 561 (Tenn. Ct. App. 2003). Because "the interpretation of a contract is a matter of law, our review is de novo on the record with no presumption of correctness in the trial court's conclusions of law." *Honeycutt,* 152 S.W.3d at 561.

## IV.    DISCUSSION

### A.

Wife argues that her request for attorney fees was not dependent upon the success of her petitions for contempt but that she is entitled to an award of fees based upon Husband's failure to comply with the MDA. Nevertheless, she further claims that she prevailed on most issues before the court and that judgment was entered in her favor. Husband responds that he never defaulted in the performance of the provisions of the MDA. He claims that the Parties were simply unable to agree without court involvement.

The language of a fee provision in a marital dissolution agreement is subject to the usual rules of contract interpretation, and the award of such fees is limited to the situation agreed to by the parties. *Segneri v. Miller*, No. M2003-01014-COA-R3-CV, 2004 WL 2357996, at *6 (Tenn. Ct. App. Oct. 19, 2004). "The central tenet of contract construction is that the intent of the contracting parties at the time of executing the agreement should govern." *Planters Gin Co. v. Fed. Compress & Warehouse Co., Inc.*, 78 S.W.3d 885, 890 (Tenn. 2002). The court's role in resolving disputes regarding the interpretation of a contract is to ascertain the intention of the parties based upon the usual, natural, and ordinary meaning of the language used. *Allstate Ins. Co. v. Watson*, 195 S.W.3d 609, 611 (Tenn. 2006),

The trial court has no discretion regarding whether to award attorney fees when the contract provides for the recovery of such fees in a certain situation. *Seals v. Life Investors Ins. Co. of America*, No. M2002-01753-COA-R3-CV, 2003 WL 23093844, at *4 (Tenn. Ct. App. Dec. 30, 2003) (citing *Hosier v. Crye-Leike Commercial, Inc.*, No. M2000-01182-COA-R3-CV, 2001 WL 799740, at *6 (Tenn. Ct. App. July 17, 2001)). However, determining the reasonableness of the amount of an attorney's fee is a discretionary inquiry by the trial court. *Keith v. Howerton*, 165 S.W.3d 248, 250-51 (Tenn. Ct. App. 2004) (citation omitted).

Here, the Parties agreed as follows:

In the event either party defaults in the performance of the provisions of this agreement and the other party is required to file an action to enforce the agreement and compel performance, the defaulting party will pay the attorney's fees incurred by the other party.

Pursuant to the MDA, Husband was required to remit payment for "one-half of the mortgage payments, insurance and utilities commencing January 12, 2012 until the property is sold." He also agreed to "make certain repairs to the property" pursuant to an order entered on January 8, 2012, and to execute such documents necessary to effectuate the agreement. The record reflects that Wife was required to file several actions to compel Husband's performance and that he did not comply with the provisions of the MDA until after such actions had been filed and an order was entered by the trial court. The trial court simply reserved ruling on the issue of attorney fees pending the sale of the marital residence. With these considerations in mind, we conclude that Wife is entitled to an award of attorney fees pursuant to the provisions of the MDA. We remand this case to the trial court for proceedings to determine the reasonable amount of such fees.

B.

Wife also requests attorney fees on appeal pursuant to the provisions of the MDA. Husband responds that he is entitled to an award of sanctions in the form of attorney fees on appeal because this appeal is frivolous. Tennessee follows the American Rule which provides that "litigants pay their own attorney's fees absent a statute or an agreement providing otherwise." *State v. Brown & Williamson Tobacco Corp.*, 18 S.W.3d 186, 194 (Tenn. 2000); *accord Taylor v. Fezell*, 158 S.W.3d 352, 359 (Tenn. 2005). "Under the American [R]ule, a party in a civil action may recover attorney fees only if: (1) a contractual or statutory provision creates a right to recover attorney fees; or (2) some other recognized exception to the American [R]ule applies, allowing for recovery of such fees in a particular case." *Cracker Barrel Old Country Store, Inc. v. Epperson*, 284 S.W.3d 303, 308 (Tenn. 2009) (citing *Taylor*, 158 S.W.3d at 359; *John Kohl & Co. v. Dearborn & Ewing*, 977 S.W.2d 528, 534 (Tenn. 1998)). Additionally, Tennessee Code Annotated section 27-1-122 provides for an award of damages, including attorney fees, when an appeal is determined to be frivolous. To find an appeal frivolous, the appeal must be wholly without merit and lacking in justiciable issues. *See Davis v. Gulf Ins. Group*, 546 S.W.2d 583, 586 (Tenn. 1977); *Indus. Dev. Bd. of Tullahoma v. Hancock,* 901 S.W.2d 382, 385 (Tenn. Ct. App. 1995).

This appeal is not frivolous as evidenced by our decision. However, we do believe that an award of attorney fees on appeal was contemplated in the MDA. Thus, we also remand this case to the trial court for proceedings to determine the reasonable amount of such fees incurred by Wife on appeal.

# V.    CONCLUSION

The judgment of the trial court, as to the court's denial of Mukta Panda's request for attorney fees is reversed.  The case is remanded for further proceedings consistent with this opinion.  Costs of the appeal are taxed to the appellee, Niladri Panda.

_____
JOHN W. McCLARTY, JUDGE